## David R. Steffy v. Cochran Brothers.

1.  VERDICTS— *On Conflicting Evidence.*—A verdict of a jury arrived at on conflicting evidence should not be set aside by a trial court, except for the misconduct of the jurors, or some of them; the wrong ruling by the court in admitting or rejecting evidence, giving to the jury improper instructions, or refusing to give proper ones; or unless the court can see that the jury have acted from prejudice, caprice or passion, and that it will probably cause injustice to be done to the party against whom it is rendered, if allowed to stand; or for some equally good reason.

Assumpsit.—Appeal from the Circuit Court of Lawrence County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

GEE & BARNES, attorneys for appellant.

TOHILL & KINGSBURY, attorneys for appellees.

MR. JUSTICE BIGELOW delivered the opinion of the court.

This suit was brought by appellees against appellant, before a justice of the peace of Lawrence county, and was appealed to the Circuit Court of that county, where, on a trial before the court and a jury, appellees recovered a judgment against appellant for $55.49, and the case is here on the appeal of the defendant below.

Appellees reside at Bird's, in Lawrence county, and in November and December, 1898, shipped poultry, game, etc., to appellant, who was in the commission business in Chicago, to be sold on account of appellees, and the proceeds, less appellant's commission, to be remitted to appellees, at Bird's.

The total amount in value of the stuff shipped by appellees was about $1,400.

The contention of appellant is, that from time to time, after receiving the shipments and selling the property, he paid appellees the full amount due them. This appellees deny, and the difference between the parties has resulted in this suit.

A further contention of appellant is, that at the time the property was shipped and sold, his wife was a copartner with him in the commission business, and hence the action was improperly brought against himself alone.

These are the only questions raised by appellant in the assignment of errors, as there were no rulings of the court excepted to, save the order of the court denying appellant's motion for a new trial, because the verdict of the jury was unsupported by the evidence.

Each of appellant's contentions, as the case was tried, brings for review in this court a question of fact. A verdict of a jury arrived at on conflicting evidence, as this verdict was, should not be set aside by a trial court except for the misconduct of the jurors, or some of them; wrong ruling by the court in admitting or rejecting evidence, giving to the jury improper instructions, or refusing to give proper ones; or unless the court can see that the jury have acted from prejudice, caprice or passion, and probably will have caused injustice to be done to the party against whom the verdict is rendered, if it shall be allowed to stand; or for some other equally good reason.

For no less reason than ought to move a trial court to set aside a verdict found on conflicting evidence, ought an Appellate Court to set aside a judgment rendered on such a verdict. This is elementary law; and while appellee's counsel have cited many authorities to sustain it, we think none are needed, since the rule commends itself to every right-thinking person, as without such a rule there would be no place for a jury in a trial court.

If the abstract furnished by appellant contained the substance of the entire evidence on both sides of the case, the contentions of counsel for appellant might have a foundation on which to rest; but for some reason the counsel seem to have omitted much of the evidence in the record that did not make for their side of the case, and so have compelled counsel for appellees to furnish an additional abstract.

On reading both abstracts we are far from being satisfied that the jury were wrong in finding that appellees'

claim had not been paid, or that appellant's wife should have been made a party defendant to the suit, and much of the evidence to sustain the finding on these questions was furnished by appellant, if the testimony of witnesses in regard to his admissions is to be believed, and we can discover nothing to discredit it.

As we find no error in the record, the judgment is affirmed, and the motion of appellee's counsel to tax the cost of the additional abstract to appellant is sustained. Affirmed.